IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

THOMAS WALKER,

        Petitioner,   :    Case No. 1:22-cv-249

  - vs -     District Judge Douglas R. Cole
        Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
  Institution,

        :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Thomas Walker to obtain release from his commitment to the custody of Respondent Warden Tim Shoop, is before the Court on Walker's Objections (ECF No. 19) to the Magistrate Judge's Report and Recommendations recommending dismissal ("Report," ECF No. 17). District Judge Cole has recommitted the case to the Magistrate Judge for consideration of the Objections (ECF No. 20).

**Ground One: Ineffective Assistance of Trial Counsel: Failure to Present Expert Witness**

In his First Ground for Relief, Walker claims he received ineffective assistance of trial counsel when his trial attorney did not present expert testimony from a firearms and ballistics expert even though he and counsel had agreed on such a presentation.

The Report concluded the Ohio First District Court of Appeals disposition of this claim

1

was an objectively reasonable application of the governing standard for effective assistance found in *Strickland v. Washington*, 466 U.S. 668, 697 (1984).  Alternatively, to the extent the claim depends on evidence *dehors* the appellate record (e.g. any expert report from the proposed witness), the claim was procedurally defaulted by Petitioner's failure to file a petition for post-conviction relief under Ohio Revised Code § 2953.21.

Petitioner objects generally that he and counsel had agreed to present the testimony of the crime scene expert.  As the Report notes, the record supports that argument, even to the point of the trial court's having agreed to fund the expert.  Petitioner also objects that he was depending on the expert to bolster his own account of how the fatal shooting happened, to wit, that it was done in self-defense.

While the Court can agree that was the intention of engaging the expert, there is no evidence of what the expert would have said.  Unless the expert had given a report that would have supported Walker's position, the claim that it was ineffective assistance of trial counsel to fail to present him is incomplete.  No such report, even in draft form, has been made part of the record.  There was therefor no proof of prejudice, as required by *Strickland*, before the state courts.

The Magistrate Judge therefore again recommends Walker's First Ground for Relief be dismissed.

**Ground Two: Prosecutorial Misconduct**

In his Second Ground for Relief, Walker claims the prosecutor made misleading statements in closing argument, depriving him of due process of law.  Walker raised this claim on appeal and it was rejected by the First District Court of Appeals, applying the appropriate federal standard.  It found the first objected-to comment not to be improper because it was in direct response to a

2

defense argument. *State v. Walker, supra,* at ¶ 41. As to the second objected-to comment, there was no contemporaneous objection, so review was for plain error, but the court found no error because it was a fair comment on the evidence and a prosecutor can appropriately comment on a defendant's apparent lack of remorse. *Id.* at ¶ 42. The Report recommended dismissing this claim as barred by the procedural default in failing to object and because the decision was not an unreasonable application of Supreme Court precedent (Report, ECF No. 17, PageID 2144-45).

Petitioner's Objections do not speak to the Report's analysis of Ground Two. Instead, Petitioner accuses the Magistrate Judge of violating *stare decisis* and being biased in favor of the State (ECF No. 19, PageID 2196). On the *stare decisis* point, he cites *Rukes v. Michigan*, 2023 U.S. Dist. LEXIS 5022 (E.D. Michigan Jan. 11, 2023). The District Court for the Eastern District of Michigan is not a court whose precedent binds this Court, but the Magistrate Judge has no disagreement with Judge Parker's decision. A relevant point she makes is

> AEDPA "imposes a highly deferential standard for evaluating state-court rulings," and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett,* 559 U.S. 766, 773, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010) (internal citations omitted). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter,* 562 U.S. 86, 101, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011) (quoting *Yarborough v. Alvarado,* 541 U.S. 652, 664, 124 S. Ct. 2140, 158 L. Ed. 2d 938 (2004)).

*Id.* at *5-6. Thus rather than showing bias in favor of the State, the undersigned's deference to the First District's decision in this case is called for by *stare decisis*.

Petitioner's Objections on Ground Two proceed to discuss not the prosecutor's comments in closing, but the prosecutor's stress on the two days it took Walker to report the death (Objections, ECF No. 19, PageID 2196-97). He then reargues the circumstantial evidence on which the State relied for conviction and suggests that Black people are less likely to trust the

3

judicial system, leading to delay in reporting crimes. Walker was certainly free to make that argument to the jury, but it does not speak to his Second Ground for Relief. Specifically, he has not pointed to any Supreme Court precedent that the First District misapplied in deciding this claim.

**Ground Three: Insufficient Evidence**

In his Third Ground for Relief, Walker contends he was convicted on insufficient evidence. Agreeing that the evidence was all circumstantial, the First District found that it was sufficient and the Report agreed this was not an unreasonable application of *Jackson v. Virginia*, 443 U.S. 307 (1979).

Walker objects that other inferences are possible from the evidence presented. He blames the guilty inference on racism, particularly toward Black men. It is of course not possible to prove definitively that no racist thinking infected some of the jurors, but the system provides strong protection against that result, particularly in the thorough voir dire protected by *Batson v. Kentucky*, 476 U.S. 79 (1986). Walker does not point to any "dog whistle" comments by the prosecutor intended or likely to stir racist feeling.

Walker notes that fleeing the scene of a crime is taken to be circumstantial evidence of consciousness of guilt and asks the Court to infer innocence from the fact that he did not flee. Again, he was free to ask the jury to make that inference. The fact that they did not is not conclusive proof of innocence, just as proof of flight is not conclusive proof of guilt. It is in the nature of circumstantial evidence that, standing alone, no single piece of circumstantial evidence is conclusive. And it must be remembered that Walker's first statement to the police was

incriminating.

At the conclusion of his argument on Ground Three, Walker cites cases standing for the general proposition that that circumstantial evidence is not sufficient if it merely presents possibilities of guilt. The test from *Jackson, supra*, is different:

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

443 U.S. at 319. Two important elements of the test are that, in habeas, the evidence is to be viewed "in a light most favorable to the prosecution" and the court must decide whether "any" rational trier of fact could have found the essential elements.

The First District's application of *Jackson* is not objectively unreasonable and is therefore entitled to deference. Walker's Third Ground for Relief should be dismissed.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge adheres to his original conclusion that the Petition should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and

should not be permitted to proceed *in forma pauperis*.

February 7, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
